# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

In the Matter of the COMPLAINT OF
GORE MARINE CORPORATION
as owner of the Tug Captain Jerome for
exoneration from or limitation of liability,

    Petitioner.

Case No. 2:08-cv-644-FtM-29DNF

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONTEMPT AND TO ENJOIN PROCEEDINGS (Doc. No. 43)** |
| **FILED:** | June 18, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Petitioner, Gore Marine Corporation ("Gore Marine") is requesting that the Court enjoin any further activity in the lawsuit filed by Donna Skaggs in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, entitled *Donna Skaggs v. Gore Marine Corporation, Great Lakes Dredge & Dock Company, LLC, Odyssea Vessels, Inc., Triple S. Marine, LLC, Robert L. McGee, Jr., John M. Haney, and Fred W. Hartigan,* Case No. 08-CA-006840(LG). The Petitioner asserts that the Order (Doc. 11) entered by this Court on August 28, 2009, enjoins that state court lawsuit. The Claimant, Donna Skaggs argues that the Order (Doc. 11) enjoins the state court lawsuit

against Gore Marine, but does not enjoin Ms. Skaggs from proceeding against the other defendants in the state court action.

On August 28, 2009, this Court entered an Order Granting Motion for Approval of Ad Interim Stipulation for Value and Letter of Undertaking and Directing Issuance of Notice and Issuance of an Injunction (Doc. 11). The Order contained the following language:

> IT IS FURTHER ORDERED that the institution or further prosecution of any and all suits, actions or legal proceedings against Gore Marine Corporation or the tug CAPTAIN JEROME, arising out of or connected with the alleged incident that occurred on or about February 7, 2006, except in this proceeding for exoneration from or limitation of liability, be and the same here are stayed and enjoined.

Pursuant to 46 U.S.C. §30511, "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter." In addition, 46 U.S.C. §30512 provides, "[t]his chapter does not affect the liability of an individual as a master, officer, or seaman, even through the individual is also an owner of a vessel." In the instant case, Gore Marine Corporation claims that it is the owner of the vessel the CAPTAIN JEROME, a 60'3" long tugboat. (See, Complaint, ¶3, 4). None of the other parties in this lawsuit with the exception of Donna Skaggs filed a response to the motion. The issue is whether the entire state action should be stayed based upon Gore Marine filing this Limitation of Liability action or whether the state court action should be stayed as to Gore Marine only.

The Order (Doc. 11) entered by this Court states that any and all suits against Gore Marine or the tug CAPTAIN JEROME arising out of the incident at issue are stayed and enjoined. The clear language of the statute provides that an owner may file a limitation of liability action and the legislature also clarified that a limitation of liability action may not be brought by a master, officer, or seaman. "Thus, Congress distinguished a vessel's 'owner' from a vessel's 'master, officers, or seamen' by

specifically exempting the latter from the benefits of section 185 [recodified as 30511], conferring limitations of liability privileges on ship owners *only.*" *In the Matter of the Complaint of Thunder Marine, Inc.*, 2001 WL 1660254, *2 (M.D. Fla. 2001) (citing, 46 U.S.C. §187 recodified as §30512). The court further noted that §185 (recodified as 30511) is clear and does not contradict any other section of the Act. *Id*.

Gore Marine argues that the Ninth Circuit held in *In the Matter of the Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir. 1986), that all state court claims should be stayed and cited the Ninth Circuit as holding, "[p]ermitting claimants here to proceed independently in state court before conclusion of the limitation action could work to the detriment of other injured parties and the shipowners through operation of collateral estoppel and depletion of the limitation fund." *In the Matter of the Complaint of Paradise Holdings, Inc.* 795 F.2d 756, 762 (9th Cir. 1986). In the *Thunder Marine* case, supra, the Honorable Steven D. Merryday, United States District Judge adopted a Report and Recommendation by the Honorable Elizabeth A. Jenkins, United States Magistrate Judge in the Middle District of Florida who chose "to abide by the plain language of section 187, finding persuasive the court's opinion in *Water Taxi*, 1993 AMC 2805. While acknowledging that *Paradise Holdings* and *Spanier Marine Corp.* recognized the need for flexibility in interpreting section 187, the court in *Water Taxi* found that 'those decisions . . . . proceeded to ignore or disregard that statute on policy grounds.'" *In the Matter of the Complaint of Thunder Marine, Inc.*, 2001 WL 1660254 at *3 (quoting *In the Matter of: Water Taxi of Fort Lauderdale, Inc.*, 1993 AMC 2805 (S.D. Fla 1991)). The *Thunder Marine* court recognized that even though allowing state claims against a ship's crew may strip a shipowner of insurance protection, this issue was a matter for Congress to address and not the courts. *Id*. (citing *In the Matter of: Water Taxi of Fort Lauderdale, Inc.*, 1993 AMC at 2807 (S.D.

Fla 1991)). In *Thunder Marine*, the court concluded that the state court action was stayed as to the owner but could proceed as to the operator of the subject limitation vessel and the owner/operator of the other vessel involved in the collision. *Id.* at *1, *4.

In the instant case, Donna Skaggs is not requesting that the state court action proceed against Gore Marine. Rather, she is asking that the state court action proceed against all of the other defendants. The plain reading of the statute allows Gore Marine to enjoin the state court action against it, but does not authorize the Court to enjoin the state court action against the other defendants.

Therefore, it is respectfully recommended that the Motion for Contempt and to Enjoin Proceedings (Doc. 43) be denied, and that Ms. Skaggs not be enjoined from pursuing her state court claims against Great Lakes Dredge & Dock Company, LLC, Odyssea Vessels, Inc., Triple S. Marine, LLC, Robert L. McGee, Jr., John M. Haney, and Fred W. Hartigan, in Case No. 08-CA-006840(LG).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __15th__ day of July, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record