```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

In the Matter of the COMPLAINT OF
GORE MARINE CORPORATION
as owner of the Tug Captain Jerome
for exoneration from or limitation
of liability,

    Petitioner.

                               Case No. 2:08-cv-644-FtM-29DNF

_____

## OPINION AND ORDER

This matter comes before the Court on the following motions for summary judgment or partial summary judgment: (1) Claimant Donna Skaggs' Motion for Summary Judgment (Doc. #61); (2) Claimant Triple S Marine LLC's Motion for Partial Summary Judgment (Doc. #69); (3) Claimant Great Lakes Dredge & Dock Company, LLC's Motion for Summary Judgment (Doc. #71); and (4) Petitioner Gore Marine Corporation's Motion for Partial Summary Judgment (Doc. #73). The parties have filed Responses, Replies, a Sur-Reply, affidavits, depositions, and other exhibits in support of their respective briefs. (Docs. ## 68, 72, 75, 76, 79, 80.)

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a

verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). The Court does not, however, weigh conflicting evidence or make credibility determinations. Hilburn, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must

deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)). Conclusory allegations based on subjective beliefs, however, are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).

The Court finds that this standard has not been satisfied as to three of the four summary judgment motions, and takes the fourth one under advisement. While the Joint Pretrial Statement (Doc. #82) sets forth a number of undisputed facts, there still remain disputed material facts which impact virtually all of the issues to be determined in this case. These disputed material facts preclude the Court from denying exoneration and/or limitation of liability, and also preclude the Court from deciding whether the Pennsylvania Rule[1] applies in this case, as claimant Skaggs requests. The disputed material facts also preclude the Court from deciding at this stage which of the Regulations for the Prevention of Collisions at Sea (COLREGS) apply or do not apply to this case, as requested by Triple S Marine, LLC and Gore Marine Corporation. The Court will take the summary judgment motion by Great Lakes Dredge

---

[1]In The Pennsylvania, 86 U.S. 125 (1874), the Supreme Court set out the Pennsylvania Rule which applies when the stationary vessel at the time of an allision is in violation of a statutory rule intended to prevent allisions. "In such a case the burden rests upon the [stationary vessel] of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been." Id. at 136.

& Dock Company under advisement until after hearing from counsel at the scheduled final pretrial conference.

Accordingly, it is now

**ORDERED**:

1. Claimant Donna Skaggs' Motion for Summary Judgment (Doc. #61) is **DENIED**.

2. Claimant Triple S Marine, LLC.'s Motion for Partial Summary Judgment (Doc. #69) is **DENIED**.

3. Claimant Great Lakes Dredge & Dock Company, LLC's Motion for Summary Judgment (Doc. #71) is **TAKEN UNDER ADVISEMENT**.

4. Petitioner Gore Marine Corporation's Motion for Summary Judgment (Doc. #73) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record